# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:05-CR-237 CAS |
| | ) | |
| IVAN EXCEL MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on defendant's Motion to Modify and Reduce a Term of Imprisonment under 18 U.S.C. § 3582(c)(2). Defendant, who was sentenced on September 29, 2005, on two counts of being a felon in possession of a firearm, asserts that his sentence should be reduced based on subsequent changes in the U.S. Sentencing Guidelines.

On November 1, 2007, the United States Sentencing Commission adopted Amendment 709, which amended Guidelines § 4A1.1 and § 4A1.2 concerning criminal history category and computation of criminal history. Based on these amendments, defendant asserts that his prior convictions must be deemed to be one conviction, he should not have been sentenced under the Armed Career Criminal Act, and his sentence should be modified under 18 U.S.C. § 3582(c)(2).

Because defendant was sentenced before November 1, 2007, Amendment 709 must be retroactive to apply in this case. Guideline § 1B1.10, titled "Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)," lists all Guideline Amendments that may be applied retroactively.[1] Because Amendment 709 is not listed in § 1B1.10(c), it is not retroactive

---

[1]U.S. Sentencing Guidelines Manual § 1B1.10(c) (Supp. 2007) reads: "Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371,

and, therefore, is not applicable in this case. See United States v. Peters, 524 F.3d 905, 907 (8th Cir. 2008) (per curiam) (holding that Amendment 709 is not given retroactive treatment).

Because the Guideline amendments upon which defendant relies may not be applied retroactively, there is no legal basis for computing the guideline sentence applicable to the offense of conviction differently than it was computed at sentencing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Modify and Reduce a Term of Imprisonment is **DENIED**. [Doc. 64]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this _ 14th _ day of August, 2008.

---

379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711."